UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-21995-CIV-ALTONAGA/Torres

UNITED STATES SECURITIES AND
EXCHANGE COMISSION,

    Plaintiff,

v.

EMPIRES CONSULTING CORP. (DBA
"EMPIRESX"), *et al.*,

    Defendants.
_____/

**FINAL JUDGMENT AS TO DEFENDANTS
EMERSON SOUSA PIRES AND FLAVIO MENDES GONCALVES**

Pursuant to the Court's Order [ECF No. 48] granting Plaintiff SEC's Renewed Motion for Default Judgment Against Defendants Emerson Sousa Pires and Flavio Mendes Goncalves [ECF No. 47], it is

**ORDERED AND ADJUDGED** as follows:

**I.**

Defendants Pires and Goncalves are each permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. section 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. section 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds or investment proceeds; (D) the safety of any securities investment; (E) the performance of any securities investment; (F) orders issued or statements made by state or federal enforcement agencies; (G) the financial status of an issuer; (H) the management of an issuer; or (I) the credentials, licensure, or regulatory history of any person associated with a securities industry participant or any entity offering or selling securities.

Further, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants Pires and Goncalves' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants Pires or Goncalves or with anyone described in (a).

## II.

Defendants Pires and Goncalves are each permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. section 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation

or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds or investment proceeds; (D) the safety of any securities investment; (E) the performance of any securities investment; (F) orders issued or statements made by state or federal enforcement agencies; (G) the financial status of an issuer; (H) the management of an issuer; or (I) the credentials, licensure, or regulatory history of any person associated with a securities industry participant or any entity offering or selling securities.

    Further, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants Pires and Goncalves' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants Pires or Goncalves or with anyone described in (a).

CASE NO. 22-21995-CIV-ALTONAGA/Torres

**III.**

Defendants Pires and Goncalves are each permanently restrained and enjoined from violating Sections 5(a) and (c) of the Securities Act, 15 U.S.C. section 77e, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. section 77h.

Further, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants Pires and Goncalves' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants Pires or

Goncalves or with anyone described in (a).

**IV.**

Defendants Pires and Goncalves are each permanently restrained and enjoined from, directly or indirectly: (i) soliciting any new investors or accepting additional funds from existing investors; and (ii) issuing, purchasing, offering, or selling any security; provided, however, that such injunction shall not prevent Defendants Pires and Goncalves from purchasing or selling securities for their own personal accounts.

Further, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants Pires and Goncalves' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Pires or Goncalves or with anyone described in (a).

**V.**

Under Section 21(d)(2) of the Exchange Act, 15 U.S.C. section 78u(d)(2); and Section 20(e) of the Securities Act, 15 U.S.C. section 77t(e), Defendants Pires and Goncalves are each prohibited from acting as an officer or director of any issuer that has a class of securities registered under Section 12 of the Exchange Act, 15 U.S.C. section 78, or that is required to file reports under Section 15(d) of the Exchange Act, 15 U.S.C. section 78o(d).

**VI.**

Defendants Pires and Goncalves are liable, jointly and severally, for disgorgement of $32,179,070, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,661,610.  The Court finds that sending the disgorged funds to the United States Treasury, as ordered below, is consistent with

equitable principles.  The Court further imposes, under 15 U.S.C. sections 78t(d) and 78u(d)(3), a civil penalty on Defendant Pires in the amount of $6,000,000 and a civil penalty on Defendant Goncalves in the amount of $5,000,000.  Defendants Pires and Goncalves shall satisfy these obligations by paying the ordered disgorgement, prejudgment interest, and civil penalties to the SEC within 30 days after entry of this Final Judgment.

Defendants Pires and Goncalves may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC's website at http://www.sec.gov/about/offices/ofm.htm.  Defendants Pires and Goncalves may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Emerson Sousa Pires or Flavio Mendes Goncalves as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants Pires and Goncalves shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this payment, Defendants Pires and Goncalves relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants Pires or Goncalves.  The SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil

contempt at any time after 30 days following entry of this Final Judgment. The SEC may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action.

Defendants Pires and Goncalves shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment under 28 U.S.C. section 1961.

## VII.

The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**DONE AND ORDERED** in Miami, Florida, this 21st day of June, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record